IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| CONNIE SMITH et. al., | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 2:14-cv-00909-MHT-CSC |
| | § | (WO) |
| ROBERT EDGE, II; PFG TRANSCO, et.al., | § | |
| | § | |
| | § | |
|     Defendant. | § | |

### ORDER ON PRE-TRIAL HEARING

A pretrial hearing was held in this case on December 3, 2015 at 2:45 p.m. wherein the following proceedings were held and actions taken:

### PARTIES AND TRIAL COUNSEL:

The Plaintiff, Connie Smith, is represented by Guy R. Willis and Darren Kies.

Defendants, Robert Edge, II and PFG Transco, are represented by Philip Butler, William C. McGowin, and Ann Hill.

### COUNSEL APPEARING AT PRETRIAL HEARING:

Guy R. Willis and Darren Kies for the Plaintiff.  Philip Butler and Ann Hill for Defendants.

### JURISDICTION AND VENUE

This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and venue is proper.

### PLEADINGS:

The following pleadings and amendments were allowed:

1. Plaintiff's Complaint (Doc. 1).

2. Defendants' Answer (Doc. 12).

CONTENTIONS OF THE PARTIES:

(a) The Plaintiff:

1. The cause of the accident was due to the negligence and/or wantonness of Robert Edge and PFG Transco.

2. Edge's vehicle collided with the rear of the vehicle driven by plaintiff Smith as a result of Robert Edge's negligent and/or wanton conduct.

3. The plaintiff's vehicle was legally stopped in compliance with the Alabama Law in a proper manner at a designated bus stop in order to pick up a passenger when Defendant Edge drove his truck into the rear of Smith's vehicle.

4. The defendant Edge failed to maintain proper sight alignment of the traffic in front of him and failed to take proper measures and steps to prevent hitting Smith's vehicle in the rear.

5. Defendant Edge violated a rule of the road and/or several rules of the road in the operation of his vehicle.

6. Defendant Edge violated several FMCSR in the operation of his motor vehicle which caused the accident.

7. Defendant PFG violated several FMCSR which caused and/or contributed to the cause of the accident.

8. Defendant Edge had a clear line of sight to the plaintiff's bus as the bus was slowing to stop at the designated bus stop and pulling over to the right hand side onto the shoulder of the roadway for over 600 feet before hitting the plaintiff's bus.

9. Defendant Edge never engaged in a hard braking event in order to slow his bus to prevent from hitting the plaintiff's bus in the rear.

10. Defendant Edge struck the rear of the plaintiff's bus in the driver's rear corner at approximately 36 mph.

11. After the accident Defendant Edge made an admission the accident was his fault which establishes liability.

12. After the accident Defendant Edge stated "Man, I'm sorry. I was trying to avoid that car."

13. Defendant Edge was not competent to drive the type of commercial motor vehicle he was driving at the time of the accident.

14. Defendant Edge lied on his application to Defendant PFG concerning his work history and his driving record.

15. Defendant Edge had been fired by a previous motor carrier for testing positive for drugs.

16. Defendant PFG retained Defendant Edge as a truck driver after learning they had hired Defendant Edge in violation of the FMCSR.

17. Defendant PFG negligently and/or wantonly hired, trained and supervised Defendant Edge while he was employed with Defendant PFG.

18. Defendant PFG negligently entrusted a vehicle to Defendant Edge after hiring Defendant Edge to drive a commercial motor vehicle.

19. Plaintiff Connie Smith ("Smith") sustained serious injuries to his person as a result of the negligent and/or wanton conduct of the defendants.

20. The medical treatment to Smith provided by all the treating facilities and treating

doctors was medically necessary and the cost of said treatment was reasonable.

21. Smith sustained a permanent physical impairment as a result of the accident which was due to the negligent and/or wanton conduct on the part of the defendant.

22. Smith may require future medical treatment a result of the injuries sustained in the accident which was due to the negligent and/or wanton conduct of the defendant.

23. Smith has suffered physical pain and mental anguish as a result of the accident which was due to the negligent and/or wanton conduct of the Defendants.

24. Smith will suffer physical pain and mental anguish in the future as a result of the accident which is due to the negligent and/or wanton conduct of the Defendants.

25. Smith lost income and leave time as a result of the accident due to the negligent and/or wanton conduct of the Defendants.

26. Smith will lose future income as a result of the accident which was due to the accident which was due to the negligent and/or wanton conduct of the Defendants.

27. Smith incurred a cost due to travel to and from the health care providers for treatment of his injuries as a result of the negligent and/or wanton conduct of the Defendants.

28. Smith claims he due compensatory as well as punitive damages from the defendants as a result of the negligent and/or wanton conduct of the Defendants.

29. Smith has incurred medical cost as a result of the accident which was due to the negligent and/or wanton conduct of the Defendants.

30. Smith is 100% vocationally impaired due to the injuries sustained in the accident which was due to the negligence and/or wantonness of the defendants.

31. Smith will incur future medical cost as a result of the accident which was due to the negligent and/or wanton conduct of the Defendants.

32. The defendant Edge failed to yield the right of way to the plaintiff.

(b) The Defendant:

1. Defendants contend that Plaintiff negligently stopped the MATS bus he was driving partially in the outside travel lane of East South Blvd (U.S. Hwy 231) blocking the flow of traffic. Plaintiff negligently failed to pull the bus he was driving off the travel lanes and onto the paved shoulder of East South Blvd in the space provided for buses to stop and pick up or deliver passengers at the subject bus stop. If Plaintiff had properly stopped the bus he was driving at the proper space provided at the subject bus stop, this accident could not and would not have happened.

2. Thus, Defendants contend that Plaintiff's alleged injuries and damages are the proximate consequence and result of the Plaintiff's negligence.

3. Defendants deny that they were negligent and/or wanton concerning this collision and state that Plaintiff was at least contributory negligent and Plaintiff is barred from recovery.

4. Defendants deny that they were negligent and/or wanton in hiring, training, supervising or entrusting the vehicle in question to Robert Edge.

5. Defendants deny that Plaintiff suffered the injuries and damages alleged in the complaint.

## STIPULATIONS BY AND BETWEEN THE PARTIES:

1. All parties are properly named in this suit and properly before the Court.

2. The automobile accident occurred on April 22, 2014 when Plaintiff's vehicle and Defendants' vehicle collided.

3. The following medical records, x-rays and medical bills from the medical facilities, physicians and pharmacies that provided medical treatment and/or medical services to

Smith are agreed by counsel for Defendants to be properly authenticated and will be allowed into evidence:

(a) Medical records and medical bills from PT Solutions, pertaining to Connie Smith, for injuries allegedly sustained in the automobile accident.

(b) Medical records and medical bills from Pri-Med Taylor Crossing, pertaining to Connie Smith, for injuries allegedly sustained in the automobile accident.

(c) Medical records and medical bills from Hart Chiropractic, pertaining to Connie Smith, for injuries allegedly sustained in the automobile accident.

(d) Exhibits utilized during the deposition of Dr. Jason Hart, including:

   i. PX 9-A (Chiropractic records)

   ii. PX 9-B (Chiropractic bills)

   iii. PX 9-C (Curriculum Vitae)

   iv. PX 9-D (Muscles of the Back)

   v. PX 9-E (Normal Muscle/Spasm)

   vi. DX 1 (Employee Request for Leave 7/6/12)

   vii. DX 2 (Chiropractic records-McMillian)

(e) Medical records and medical bills from High Tech Imaging Center, pertaining to Connie Smith, for injuries allegedly sustained in the automobile accident.

(f) Medical records and medical bills from Neurological Care Center/Dr. Rosa Bell, pertaining to Connie Smith, for injuries allegedly sustained in the automobile accident.

(g) All exhibits utilized during the deposition of Dr. Rosa Bell, including:

    i. PX 7-A (Medical records)

    ii. PX 7-B (Medical bills)

    iii. PX 7-C (Curriculum Vitae)

(h) Medical records and medical bills from Harmony Wellness and Rehab Plus, pertaining to Connie Smith, for injuries allegedly sustained in the automobile accident.

(i) Medical records and medical bills from Neurology Consultants of Montgomery/Dr. Larry Epperson, pertaining to Connie Smith, for injuries allegedly sustained in the automobile accident.

(j) All exhibits utilized during the deposition of Dr. Larry Epperson, including:

    i. PX 10-A (Medical records)

    ii. PX 10-B (Medical bills)

    iii. PX l0-C (Curriculum Vitae)

    iv. PX 10-D (Surgical Release photo)

(k) Medical records and medical bills from Alabama Orthopaedic Specialists, P.A./Dr. Michael Davis, pertaining to Connie Smith, for injuries allegedly sustained in the automobile accident.

(l) All exhibits utilized during the deposition of Dr. Michael Davis, including:

    i. PX 11-A (Medical records)

    ii. PX 11-B (Medical bills)

   iii.  PX 11-C (Curriculum Vitae)

   iv.  PX 11-D (Anatomy of Vertebral Column)

   v.  PX 11-D (1) (Blowup-normal midsagittal)

   vi.  PX 11-D (2) (Blowup-midsagittal bulge)

   vii.  PX 11-D (3) (Blowup-normal posterior)

   viii.  PX 11-D (4) (Blowup-posterior bulge)

   ix.  PX 11-D (3) (Blowup-posterior herniation)

   x.  PX 11-E (Ant. Cervical Diskectomy/Fusion)

   xi.  PX 11-F (Imaging reports: X-ray, MRI)

(m) Medical records and medical bills from Central Alabama Pain Management/Dr. Roger Kemp, pertaining to Connie Smith, for injuries allegedly sustained in the automobile accident.

(n) All exhibits utilized during the deposition of Dr. Roger Kemp.

   i.  PX 13-A (Medical records)

   ii.  PX 13-B (Medical bills)

   iii.  PX 13-C (Curriculum Vitae)

   iv.  PX 13-D (Anatomy of Vertebra l Column)

   v.  PX 13-D(1) (Blowup-midsagittal w/bulge)

   vi.  PX 13-D(2) (Blowup-posterior w/bulge)

   vii.  PX 13-D(3) (Blowup-posterior w/herniation)

   viii.  PX 13-E (Epidural tray w/contents)

  (o) Medical records and medical bills from Rehab Associates, pertaining to Connie Smith, for injuries allegedly sustained in the automobile accident, which made the basis of this cause.

  (p) Medical records and medical bills from Montgomery Anesthesia, pertaining to Connie Smith, for injuries allegedly sustained in the automobile accident.

  (q) Medical records and medical bills from Jackson Hospital & Clinic, pertaining to Connie Smith, for injuries allegedly sustained in the automobile accident.

  (r) Medical records and medical bills from Radiology Group of Jackson Hospital, pertaining to Connie Smith, for injuries allegedly sustained in the automobile accident.

  (s) Medical record and medical bills from Radiology Group of Jackson Hospital, pertaining to Connie Smith, for injuries allegedly sustained in the automobile accident.

  (t) All exhibits offered during the deposition of Dr. Lorie McMillian, including:

    i. PX 17 (Chiropractic records)

    ii. PX 17-A (Employee Request for Leave)

    iii. DX 1 (Work excuse 7/6-16/2012)

    iv. DX 2 (Chiropractic Billing Guide)

    v. DX 1 (Request for Leave w/doctor excuse).

4. Photographs of accident scene.

5. Photographs of vehicle driven by plaintiff.

6. Photographs of defendant's vehicle.

7. Diagrams of accident scene.

8. Copy of Robert Edge's Driver's License.

9. Defendant Edge was working for Defendant PFG Transco at the time of the accident.

10. Defendant Edge was performing a task for Defendant PFG Transco at the time of the accident.

11. The motor vehicle accident which is the subject of this accident occurred on April 22, 2014, in the north bound lane of travel on East South Blvd (U.S. Hwy 231) at the or near the vicinity of the bus stop in front of Montgomery Towne Center Shopping Center.

12. The motor vehicle accident which is the subject of this accident occurred on a public roadway, East South Blvd (U.S. Hwy 231), in the city and county of Montgomery, Alabama.

13. A paved shoulder off of the outside lane of the northbound lane of East South Blvd (U.S. Hwy 231) was provided for the bus to stop at the subject bus stop, and this paved lane was 9 feet 2 inches wide from the outside edge of the outside lane to the edge of the paved shoulder.

14. The subject bus that Plaintiff was driving at the time of this accident was no more than 103 inches (8 feet 7 inches), exclusive of detachable wind deflection devises.

15. The posted speed limit on East South Blvd (U.S. Hwy 231) at and near the site of the subject accident was 55 mph.

16. The subject bus stop, bus stop sign and the paved shoulder near the subject bus stop have not materially changed from the date of the subject accident up to today's date.

17. The video recordings from the subject MATS bus (front and rear) correctly depict the positions of the bus and Defendants' tractor trailer immediately prior to, during and subsequent to the collision which is the subject of this action.

18. The video recording from the Defendants' tractor trailer correctly depicts the positions of the subject MATS bus and Defendants' tractor trailer immediately prior to, during and subsequent to the collision which is the subject of this accident.

19. The subject MATS bus was stopped partially in the outside lane of travel of East South Blvd (U.S. Hwy 231) at the time of the subject collision.

20. Defendant Edge was an agent of Defendant PFG.

\* \* \*

**It is ORDERED that:**

**(1) Because the pretrial hearing was held on December 3, 2015, at 2:45 p.m., the hearing set for December 9, 2015, is cancelled.**

**(2) The non-jury trial of this cause, which is to last three days, is set for January 20, 2016, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;**

**(3) The plaintiff is required to file proposed findings of fact and conclusions of law by December 9,**

2015; the defendants are required to file proposed findings of fact and conclusions of law by December 21, 2015; the plaintiff has until January 4, 2016, to file a reply; and the parties are also directed to file <u>and</u> email their proposed findings of fact and conclusions of law to <propord_thompson@almd.uscourts.gov> in Word format by the dates specified above;

    (4) The parties in this case are not required to file trial briefs.

    (5)  Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

    (6) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (doc. no. 11) entered by the court on October 8, 2014, as amended; and

**(7) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by order of the court.**

**DONE, this the 4th day of December, 2015.**

                                                  /s/ Myron H. Thompson
                                      **UNITED STATES DISTRICT JUDGE**